```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-3-12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PHILLIP FRIESON,

                    Petitioner,

            -against-                            11 Civ. 168 (PKC)(AJP)

                                                 MEMORANUM AND ORDER
                                                 ADOPTING REPORT
DANIEL MARTUSCELLO,                    AND RECOMMENDATION

                    Respondent.
-----------------------------------------------------------x

CASTEL, District Judge:

        On January 4, 2011, petitioner Philip Frieson filed a petition for a writ of habeas corpus from his conviction and imprisonment for the state-law crime of Robbery in the First Degree. In his petition, Frieson asserts that the prosecutor withheld Brady material, specifically, the name of the cab driver who was driving Frieson when Frieson was arrested on September 30, 2002. Frieson further asserts that his trial counsel was ineffective because he failed to find and call that cab driver as a witness at a suppression hearing, and also because he failed to call Frieson's mother as an alibi witness at trial.

        Frieson's petition was referred to Magistrate Judge Andrew J. Peck to hear and report. Judge Peck filed a 51-page Report and Recommendation on July 12, 2011 (the R&R). (ECF No. 21.) Judge Peck reviewed the transcripts of Frieson's suppression hearing, independent-source hearing, and trial, as well as the briefing, affidavits, and opinions related to Frieson's direct appeal and post-conviction hearings. (R&R 2-17.) Judge Peck thoroughly analyzed Frieson's claims, applying the proper legal standards. (R&R 17-49.) Judge Peck found the claims meritless and recommended the petition be denied. (R&R 49.)

By letter dated August 4, 2011, and belatedly received by this Court on January 26, 2012, Frieson filed his objections to Judge Peck's recommendations. (See Order, Jan. 10, 2012, ECF No. 25; Frieson Ltr., Jan 23, 2012; Frieson Ltr., Aug. 4, 2011 (annexed to Jan 23, 2012, Ltr.).) By letter dated November 20, 2011, Frieson sought to supplement his objections. (Frieson Ltr., Nov. 20, 2011.)

## DISCUSSION

Frieson objects to Judge Peck's conclusions that (a) the prosecutor did not withhold the name of the cab driver who was driving Frieson when he was arrested on September 30, 2002, and that (b) Frieson's counsel was not ineffective for failing to investigate and call the driver as a witness. (Frieson Ltr., Aug. 4, 2011, 3-5, 8-12; see R&R 26-41.) However, even if the prosecutor or counsel had erred, there would still be no Brady or ineffective-assistance claim in this case, because Frieson suffered no prejudice. See Strickler v. Greene, 527 U.S. 263, 281-82 (1999) (Brady violation requires that prejudice ensue); Strickland v. Washington, 466 U.S. 668, 687 (1984) ("defendant must show that [counsel's] deficient performance prejudiced the defense"). Frieson asserts that the cab driver, if called at the suppression hearing, would have rebutted the testimony of the arresting officer regarding probable cause for the arrest on September 30, 2002. (Frieson Ltr., Aug. 4, 2011, 1-3.) However, even if that were true, and even if that arrest had been without probable cause, no prejudice can have resulted, because Frieson's conviction did not depend upon the fruits of that arrest. Instead, Frieson was convicted at trial for an earlier robbery perpetrated against a different driver on September 23, 2002. (Trial Tr. 1-788.) The physical evidence from the September 30 arrest, to wit, an imitation pistol, was not admitted as evidence at the trial on the September 23 robbery. (Trial Tr. 120.) Furthermore, there was no reliance on the

Case 1:11-cv-00168-PKC   Document 26   Filed 04/03/12   Page 3 of 4

3

victim's identification of Frieson at a line-up following Frieson's arrest and arraignment, because it was determined at an independent-source hearing that the victim had an independent source sufficient to support in-court identification. (See Frieson 1st Dep't Br. 14-16, 22; Suppression Hearing Tr. 361-97.)

Frieson argues that the independent-source ruling was wrong and that the September 23 victim did not have a sufficient independent basis for identification. (Frieson Ltr., Aug. 4, 2011, 5-6; Frieson Ltr., Nov 20, 2011, 4-5.) However, Frieson does not argue that the ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as is required to sustain a habeas petition from a state-court judgment. See Williams v. Taylor, 529 U.S. 362, 402-413 (2000) (interpreting 28 U.S.C. ¶ 2254(d)(1)); cf. United States v. Wade, 388 U.S. 218, 239-42 (1967) (discussing factors permitting in-court identification when line-up identification suppressed). Nor, to the extent that the ruling was a ruling of fact, does Frieson meet the heavy burden of rebutting, by clear and convincing evidence, the presumption of correctness of state-court factual determinations. See 28 U.S.C. § 2254(e)(1).

As regards trial counsel's allegedly deficient failure to call Frieson's mother as an alibi witness, trial counsel made an informed decision not to call her because she could not provide an alibi. Trial counsel affirmed in post-conviction proceedings that Frieson's mother had told varying stories, ultimately admitting that she had been asleep at the time of the charged robbery and did not know if Frieson had been at home. (See People v. Frieson, 910 N.Y.S.2d 407 (table), 2010 WL 1459470, *2 (N.Y. Sup. Ct. 2010)). In response, Frieson's mother submitted an affidavit stating that Frieson had been at home, injured, on crutches. (Id.) At a hearing on the issue, Frieson's mother admitted that she did not remember the night in question and that Frieson's injuries had

healed, no longer requiring crutches, by September 2002. (Id. at *2.) She explained the inconsistencies by stating that Frieson had prepared the affidavit for her and that she had merely signed it. (Id.) However, she maintained that Frieson must have been at home at the time because her children have to be home at 11pm on school nights, and they don't have their own keys. (Id.) The judge presiding over the hearing found this testimony incredible because, among other things, Frieson was forty years old at the time. (Id. at 4.) Frieson's trial counsel made a strategic decision not to call Frieson's mother, who could not have provided helpful testimony. This was not ineffective assistance.

## CONCLUSION

The R&R is well reasoned, well grounded in fact and in law and, upon de novo review, it is adopted. The Clerk shall enter judgment for respondent.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
April 3, 2012